UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JOSEPH CEDRIC SHELTON

VERSUS                                                    CIVIL ACTION NO. 09-968-JJB-CN

BOARD OF SUPERVISORS OF SOUTHERN
UNIVERSITY AND A&M COLLEGE, ET AL.

### RULING ON MOTION TO DISMISS PLAINTIFF'S DEFAMATION CLAIM

Before the Court is a motion to dismiss plaintiff Joseph Cedric Shelton's ("Shelton")

defamation claim filed against the Southern University System Foundation ("Foundation") (Doc.

70). Shelton opposed this motion (Doc. 71), and the Foundation filed a reply brief (Doc. 74).

Oral argument is unnecessary. The Court exercised federal question jurisdiction over this case

under 28 U.S.C. § 1331 and retains supplemental jurisdiction over this claim pursuant to 28

U.S.C. § 1367.

Shelton, a former employee of Southern University, sued the university Board of

Supervisors, certain of its employees, and the Foundation on a litany of claims. This Court

previously dismissed all of Shelton's claims against the Foundation except for the defamation

claim pending here. (Ruling, Doc. 56). The defamation claim essentially alleges that the

Foundation, through its director, defamed Shelton by "making allegations of criminal conduct"

in a letter sent to him and other Southern officials. (Complaint, Doc. 1, ¶ 13). The letter,

addresses to another person, requested the return of files and documents removed by that person

and Shelton from the Foundation office. (*See* Letter, Ex. 1 to Shelton Deposition, Doc. 43-3, p.

217).

Shelton has been pursuing a concurrent case in state court against the same defendants

which recites the same claims. On November 14, 2011, the state trial court granted summary

1

judgment to the Foundation on the merits of Shelton's defamation claim. (*See* Transcript of Nov. 14, Doc. 70-3, pp. 3-5). The state trial judge signed the judgment on November 28, 2011 dismissing Shelton's defamation claim with prejudice. (State Court Judgment, Doc. 70-2, p. 1).

Shelton argues that preclusion applies only when the judgment becomes final—when the timeline for an appeal expires or, if an appeal is pursued, when appellate avenues are exhausted. The Foundation argues that Louisiana law was changed in 1991 and gives preclusive effect to merits determinations once they are signed by the trial judge, regardless of whether the decision is appealed.

The Full Faith and Credit Act, 28 U.S.C. § 1738, mandates that "[a] federal court asked to give res judiciata effect to a state court judgment must apply the res judicata principles of the law of the state whose decision is set up as a bar to further litigation." *Lafreniere Park Foundation v. Broussard*, 221 F.3d 804, 808 (5th Cir. 2000). Because a Louisiana state court rendered a decision on the merits of Shelton's defamation claim, the Court must apply Louisiana's preclusion law. Section 13:4231 of the Louisiana Revised Statutes provides, in pertinent part, the law on claim preclusion:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
> ***
> (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.

Shelton does not contend that the state court judgment was invalid, that this litigation does not concern the same parties, the same subject matter, and the same occurrence; he contends only that the judgment is not final for purposes of preclusion. Shelton emphasizes that the language

2

"except on appeal or other direct review" means that a judgment cannot become final for purposes of preclusion while an appeal is pending on the claim sought to be precluded. But this language simply confirms the inherent ability of an appellate court on direct review to view the decision with the appropriate standard of review rather than have preclusion apply to bar the appellate court from deciding the issue or claim. In other words, the beginning portion of Section 13:4231 simply states that the trial court's judgment is conclusive between the parties except as a direct appeal may change the judgment of the trial court.

Nevertheless, Shelton is correct that many Louisiana cases have repeated the mantra that a judgment does not become final under the timing for appeals have run. *See, e.g., Charpentier v. BG Wire Rope & Slings, Inc.*, 174 B.R. 438, 440 (E.D. La. 1994) (*citing Thomas v. Dept. of Corrections*, 430 So.2d 1153, 1155 (La. App. 1st Cir. 1983)). However, these cases fail to recognize the changes the legislature sought to implement when it adopted Section 13:4231. As comment (a) to the statute notes, this provision worked a "substantial change in the law" by expanding the applicability of preclusion principles to situations where it had not previously applied. Comment (d) speaks of a final judgment in terms of "a judgment that disposes of the merits in whole or in part." Under the statute, finality "attaches once a final judgment has been signed by the trial court and would bar any action filed thereafter unless the judgment is reversed on appeal." La. R.S. 13:4231, comment (d).

Federal courts have recognized the applicability of Section 13:4231, comment (d). *Energy Development Corp. v. St. Martin*, 296 F.3d 356, 360-61 (5th Cir. 2002) (pointing out case law distinctions between finality for purposes of preclusion and finality for the purpose of acquiring the authority of the thing adjudged); *Aertker v. Placid Holding Co.*, No. 07-0473, 2010 WL 3894184, at *4 (M.D. La. Sept. 1, 2010) (Noland, Mag. J.) (finding that La. R.S. 13:4231

3

changed Louisiana law and provides for judgment finality for purposes of preclusion when the trial court judge signs the judgment); *see also Shimon v. Sewerage & Water Bd. of New Orleans*, No. 05-1392, 2006 WL 2088304 (E.D. La. July 25, 2006), *aff'd*, 565 F.3d 195 (5th Cir. 2009).

Comment (d) to Section 13:4231 also makes clear that the preclusion principles should be read, where appropriate, in conjunction with the law on *lis pendens*. *Id.* Article 532 of the Louisiana Code of Civil Procedure governs what Louisiana courts should do when faced with concurrent, mirror-image federal and state proceedings. Comment (b) to that article confirms that, when amending the laws on preclusion and *lis pendens*, the legislature sought "to curtail as far as practicable the practice of filing the same action in both a Louisiana court and a federal court, and prosecuting to final judgment the proceeding in which plaintiff feels he has the best chance of succeeding." La. C.C.P. art. 532, comment (b). Louisiana courts do not countenance a second case continuing to litigate the merits of a claim which had already been adjudged, even if the adjudged suit is the subject of a pending appeal. *See, e.g., State ex rel. Divens v. Johnson*, 20 So.2d 412, 413-14 (La. 1944).

Based on these interpretations, it is clear that Louisiana law attaches finality to a judgment for purposes of preclusion when a state trial judge signs the judgment. Shelton's argument to the contrary is without merit, and the Court must therefore grant the Foundation's request to dismiss Shelton's defamation claim against it based on the preclusion law of Louisiana. Shelton elected to proceed to judgment in state court. He does not deserve and the law does not provide him a second bite at the apple.

4

**Conclusion; Order**

Accordingly, the Southern University System Foundation's motion to dismiss (Doc. 70) is GRANTED.  Shelton's defamation claim is DISMISSED with prejudice.

Because no claims remain against the Foundation, it is excused from trial in this matter, currently scheduled for January 23, 2012.

The motions in limine filed by the Foundation (Docs. 63, 64) and the motion to stay (Doc. 86) are hereby DISMISSED as moot.

Signed in Baton Rouge, Louisiana, on January 10, 2012.

_____
**JAMES J. BRADY, DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

5