UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JOSEPH CEDRIC SHELTON

CIVIL ACTION

VERSUS

NO. 09-968-JJB

BOARD OF SUPERVISORS OF SOUTHERN
UNIVERSITY AND A&M COLLEGE, ET AL.

**RULING AND ORDER ON MOTIONS IN LIMINE, MOTION TO STRIKE WITNESS, AND MOTION TO SUPPLEMENT WITNESS LIST**

Before the Court are several motions filed in advance on trial in this matter, currently scheduled for January 23, 2012. Oral argument is unnecessary. The Court has jurisdiction over this case under 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

I.

Currently pending for trial are numerous claims filed by plaintiff Joseph Cedric Shelton against his former employer, the Board of Supervisors of Southern University and Agricultural and Mechanical College, two of its members, Tony Clayton and Kassie Freeman, and a former co-worker, Ernie Hughes. The allegations arise out of Shelton's termination from his employment at the university under auspices of budget cuts. The Court will conduct a trial on January 23, 2012 on Shelton's abuse of rights and Title VII claims against the Board, his § 1983 and abuse of rights claims against Freeman and Clayton, and his defamation claim against Hughes.

The current motions address the following: the defendants filed a motion in limine (Doc. 61) to exclude some of Shelton's proposed trial exhibits, to which Shelton filed an opposition (Doc. 66); Shelton filed a motion in limine (Doc. 62) to prevent testimony regarding his

bankruptcy records, tax records, and business records from another job, to which the defendants filed an opposition (Doc. 67); defendants' motion to strike one of plaintiff's proposed witnesses (Doc. 90); and defendants' motion for leave to supplement their witness list (Doc. 91).

    *A. Defendants' Motion in Limine*

Defendants move to exclude plaintiff's proposed exhibits 6 and 7 on the basis of the work product doctrine of the attorney-client privilege. The first is a letter from the Board's counsel (then and now) to then-Southern University president, Dr. Ralph Slaughter, providing him with information regarding employees' sexual harassment claims. The other is a letter provided by an outside law firm to Slaughter giving him detailed legal advice on the sexual harassment claims, though the firm supplying the letter did not ultimately serve as counsel in those matters or in this case.

Plaintiff argues the attorney-client privilege either does not exist because he is the subject of the letters or was waived because those letters were introduced in a prior federal court proceeding. Federal Rule of Evidence 501 dictates that federal common law governs the scope of privilege claims on claims presenting a federal question, but state privilege law governs for state law claims. However, Fed. Rule Evid. 502(f) makes clear that the applicability of the attorney-client privilege in federal court proceedings is governed by Rule 502 alone without regard to what source of law provides the rule of decision. Plaintiff's arguments, with no citation of any applicable law, that he may avoid the privilege because he is the subject of the letters or that Dr. Slaughter will himself testify provide no basis for not applying the privilege. However, Rule 502(a) makes clear that a disclosure in a federal court proceeding waives the privilege and work-product protection as it might apply to the disclosed material. Subject to plaintiff laying a proper foundation showing that these letters have indeed been previously disclosed in federal

2

court litigation, they will not be inadmissible on the basis of the attorney-client privilege or the work-product protection.[1]

Defendants next object to plaintiff's proposed exhibits 13 and 14, which are leave applications he submitted to Southern in 2007 and 2009, respectively. The parties' briefing on this matter misses the critical issue. Neither party discusses how plaintiff could possibly show his damages for mental pain and anguish without the testimony of the prescribing and treating physician. His 2007 and 2009 leave applications and return to work notices, originally proposed as plaintiff's exhibits 13 and 14 and now marked in plaintiff's final trial exhibit list as Exhibits 7-1 through 8-2, give very minimal support for the injuries he suffered as it relates to the retaliation claim because they simply do not provide enough information to make them relevant in and of themselves. The physician who signed his return-to-work notice, Dr. Banks, was not listed in the original proposed witness list and, as will be explained more fully below, will not be allowed to testify in this matter. Absent Dr. Banks' testimony discussing the treatment plaintiff received and his medical opinion on the injuries he may have suffered, there appears to be little chance witness testimony—aside from plaintiff's own—could provide a basis for introducing them. The Court therefore concludes that plaintiff has failed to demonstrate the relevancy of these exhibits, and thus proposed exhibit 14 (final exhibits 8-1 and 8-2) are inadmissible to show damages. If plaintiff at trial seeks to introduce them in another manner or for another purpose, the Court remains open to their admissibility.

Defendants also object to plaintiff's proposed exhibit 21, which is a transcript of plaintiff's testimony in the 2007 litigation between Dr. Slaughter and Southern. This testimony

---

[1] Neither party discusses how the letters were obtained for purposes of this matter. It may be that even if they cannot be shown to have been used in a prior matter, their disclosure in this matter waives the privilege. Insufficient briefing on this issue adds support to the Court's decision to reserve ruling on the admissibility of the letters until a proper foundation has been laid at trial.

provided the primary basis for plaintiff's action, as federal court testimony is undoubtedly protected by the First Amendment and thus retaliation for such testimony is illegal under federal law. In the current exhibit list, the only entry regarding *Slaughter* litigation testimony is Exhibit P-11. That exhibit does not show testimony from Shelton; it only shows testimony from Linda Carr and Cynthia Robinson. Their testimony is patently irrelevant. The Court is therefore in no position to determine the admissibility of *Shelton's* testimony because plaintiff's counsel attached the wrong portion of the *Slaughter* transcript to the final exhibit list.

Next, defendants assert that plaintiffs' medical records in proposed exhibit 24 should be excluded for several reasons. First, they claim plaintiff never made them available during discovery; second, they claim plaintiff never listed his treating physician or any other proper witness to testify about the records; and third, the Court has already dismissed Shelton's intentional infliction of emotional distress claim. Plaintiff's final exhibit list lists his medical records as Ex. P-25, but fails to actually include the records in the court filing. (*See* Doc. 84). This, of course, means plaintiff cannot introduce the medical records at trial. Moreover, because plaintiff cannot call Dr. Banks as a witness, they are doubly excludable for lack of a suitable witness to discuss them. Plaintiff's plea that the medical records are essential to his case for damages is irrelevant because plaintiff has failed in numerous ways to present them as admissible evidence to this Court.

Finally, defendants object out of hand to plaintiff's demonstrative exhibits to be used at trial, but this objection is premature and will not be considered at this time. Defendants' motion in limine (Doc. 61) is therefore GRANTED in part and DENIED in part.

B.  *Plaintiff's Motion in Limine*

Shelton seeks a ruling that his bankruptcy, tax, financial, and business records are inadmissible as irrelevant. Because his claim for lost wages relates to his income from jobs, the only records relevant here are: (1) sources of wages and the amounts thereof; and (2) the dates relating to the work done to earn those wages as they may pertain to plaintiff's duty to mitigate losses. Because neither party bothered to cite any evidence or attach any documentation, the Court can only guess at what these alleged records entail. Charged with that task, the Court finds the bankruptcy records irrelevant, as Shelton's overall financial status is irrelevant to this case. His tax, financial, and business records are relevant only as described above. Whether and to what extent Shelton consistently maintained dual employment while working at Southern or picked up a new job after his termination are unknown at this time, so the extent to which any records bear on these issues likewise remains unknown and must await a future determination. Thus, these records are only relevant as they relate to Shelton's duty to mitigate damages resulting from his termination. Shelton's motion in limine is therefore GRANTED in part and DENIED in part.

    C. *Defendants' Motion to Strike Witness*

Defendants' motion to strike is GRANTED. Shelton did not mention Dr. Raynado Banks as a witness in the uniform pretrial order (Doc. 55), yet now attempts to insert him as a witness—allegedly as an expert—on the eve of trial (Doc. 83, p. 2). Such a late addition to the witness list without good cause shown is not permitted under Fed. Rule Civ. P. 26(a)(3)(B). (*See also* Uniform Pretrial Notice, Doc. 35, § II.5, p. 4). Dr. Banks must therefore be struck from plaintiff's available witness list and will not be permitted to testify at trial.

    D. *Defendants' Motion to Supplement Witness List*

Case 3:09-cv-00968-JJB-CN   Document 93   01/23/12   Page 5 of 6

Defendants' motion for leave to supplement their witness list is GRANTED. In the pretrial order, plaintiff listed as a may-call witness "Jocelyn Lewis" (Doc. 55, p. 19), and a former co-defendant, the Southern University System Foundation, listed as a may-call witness "Jocelyn Akins" (Doc. 55, p. 20). Averring that the two Jocelyns are indeed the same person, defendants seek leave to amend their witness list to allow her testimony on their behalf. Because the Court recently dismissed the Foundation from this litigation, the Court finds defendants have shown good cause. The Foundation and Hughes both had defamation claims asserted against them, but the Foundation recently had that claim dismissed whereas the claim against Hughes remains pending. No surprise or unfair prejudice will result from her testimony, unlike the proposed testimony of Dr. Banks, since the witness was already listed and her testimony has long been anticipated by both sides. The Court will therefore permit defendants to amend their witness list to add Jocelyn Akins as a witness.

## ORDER

Accordingly, defendants' motion in limine (Doc. 61) is GRANTED in part and DENIED in part. Shelton's motion in limine (Doc. 62) is GRANTED in part and DENIED in part. Defendants' motion to strike (Doc. 90) is GRANTED. Defendants' motion to supplement witness list (Doc. 91) is GRANTED.

Signed in Baton Rouge, Louisiana, on January 23, 2012.

**JAMES J. BRADY, DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

6

Case 3:09-cv-00968-JJB-CN    Document 93    01/23/12    Page 6 of 6